UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

NATIONAL ASSOCIATION OF HOME
BUILDERS OF THE UNITED STATES;
PENINSULA HOUSING AND BUILDERS
ASSOCIATION,

*Plaintiffs-Appellants,*

v.

UNITED STATES ARMY CORPS OF
ENGINEERS; THE UNITED STATES
ENVIRONMENTAL PROTECTION AGENCY;
ALLAN B. CARROLL, Colonel,

*Defendants-Appellees.*

No. 00-1423

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Jerome B. Friedman, District Judge.
(CA-99-11-4)

Argued: December 6, 2000

Decided: January 17, 2001

Before WILKINS and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** William B. Ellis, MCSWEENEY, BURTCH & CRUMP,
P.C., Richmond, Virginia, for Appellants. Mark Robert Haag, Envi-

ronment & Natural Resources Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees. **ON BRIEF:** John L. Marshall, Jr., MCSWEENEY, BURTCH & CRUMP, P.C., Richmond, Virginia; Duane Desiderio, NATIONAL ASSOCIATION OF HOME BUILDERS, Washington, D.C., for Appellants. Lois J. Schiffer, Assistant Attorney General, John A. Bryson, Seth M. Barsky, David Kaplan, Environment & Natural Resources Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Martin Cohen, Lance Wood, U.S. ARMY CORPS OF ENGINEERS, Washington, D.C.; Catherine A. Winer, ENVIRONMENTAL PROTECTION AGENCY, Washington, D.C., for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

The National Association of Home Builders and the Peninsula Housing and Builders Association (collectively, "Appellants") appeal an order of the district court accepting a report and recommendation of a magistrate judge, who in turn recommended dismissal of this action. Finding no error, we affirm.

### I.

The United States Army Corps of Engineers (the Corps) and the Environmental Protection Agency (the EPA) share responsibility for enforcing the Clean Water Act (CWA), 33 U.S.C.A. §§ 1251-1376 (West 1986 & Supp. 2000). In 1998, the Corps and the EPA issued a guidance memorandum interpreting the decision of this court in *United States v. Wilson*, 133 F.3d 251 (4th Cir. 1997). As is relevant here, the guidance memorandum directed "Corps and EPA field offices . . . to assert CWA jurisdiction over all isolated water bodies

that serve as habitat for migratory birds." *Nat'l Ass'n of Home Builders v. United States Army Corps of Eng'rs*, No. 4:99CV11, 2000 WL 433072, at *2 (E.D. Va. Mar. 9, 2000) (internal quotation marks omitted). Appellants subsequently brought this action challenging this portion of the guidance memorandum on three bases: that the guidance memorandum constituted a legislative rule that had been improperly promulgated without the notice-and-comment procedures mandated by the Administrative Procedure Act (APA), *see* 5 U.S.C.A. § 553 (West 1996); that the direction to exercise CWA jurisdiction over isolated water bodies that served as habitat for migratory birds exceeded the bounds of the CWA; and that, to the extent the direction to exercise jurisdiction did not violate the CWA, it violated the Commerce Clause.

The district court referred the action to a magistrate judge, who recommended dismissal for lack of subject matter jurisdiction. Specifically, the magistrate judge concluded that the guidance memorandum was not a "final agency action" subject to judicial review under the APA, 5 U.S.C.A. § 704 (West 1996), and that the action was not ripe because the guidance memorandum had not yet affected Appellants and might never do so.* After considering Appellants' objections, the district court adopted the report and recommendation, and accordingly it dismissed the case.

## II.

After reviewing the parties' briefs and the applicable law, and having had the benefit of oral argument, we conclude that the district court correctly decided the issues before it. Accordingly, we affirm on the reasoning of the district court. *See Nat'l Ass'n of Home Builders*, 2000 WL 433072, at *3-*7.

*AFFIRMED*

---

*In an alternative ruling, the magistrate judge concluded that the guidance memorandum was an interpretive rule that was not required to undergo notice-and-comment rule making. The magistrate judge did not make an alternative ruling on Appellants' other claims.